UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XUNXIAN LIU,<br><br>    Plaintiff,<br><br>    v.<br><br>SECRETARY OF DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES, *et al.*,<br><br>    Defendants. | Civil Action No. 21-cv-495 (JMC) |

## MEMORANDUM OPINION

This is the fifth time that Plaintiff Xunxian Liu has filed a lawsuit about his termination from the National Center for Complementary and Integrative Health. The District Court for the District of Maryland addressed the circumstances surrounding Liu's removal and dismissed his suit—twice. *Liu v. Bushnell* (*Liu I*), No. CV TDC-17-1398, 2018 WL 3093974 (D. Md. June 22, 2018); *Liu v. Shurtleff* (*Liu II*), No. 8:18-CV-3468, 2020 WL 42756 (D. Md. Jan. 3, 2020). And Liu twice tried to litigate his removal in the Court of Federal Claims without success. *Liu v. United States* (*Liu III*), No. 20-1901C, 2021 WL 451003 (Fed. Cl. Feb. 9, 2021); Fed. Cl. 20cv1902 (*Liu IV*) ECF 7. Liu cannot keep bouncing between courts to do over a case that he has already lost. His Complaint, moreover, fails to state any claim upon which relief can be granted. This Court thus **GRANTS** Defendants' Motion to Dismiss, ECF 19; **DENIES** Liu's Motion for a Hearing, ECF 29; and **DENIES** Liu leave to file an amended complaint, ECF 30.[1]

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

**I.      BACKGROUND**

Plaintiff Xunxian Liu was a biologist at the Bethesda, Maryland office of the National Center for Complementary and Integrative Health (NCCIH), a subdivision of the National Institutes of Health (NIH) of the Department of Health and Human Services (HHS). ECF 1-2 at 1; ECF 3 at 1. Liu's supervisor, Mary Catherine Bushnell, placed Liu on a performance-improvement plan on May 21, 2015. ECF 1-2 at 2. Bushnell claims that she told Liu during a May 8, 2015, meeting that he had been performing unacceptably. ECF 3 at 3. Liu, however, insists that this meeting did not happen and that Bushnell never notified him that she was putting him on the performance-improvement plan. ECF 1 at 2. Bushnell wrote a memorandum proposing Liu's removal on July 30, 2015. ECF 3 at 7. Bushnell's supervisor, David Shurtleff, issued a final decision to terminate Liu on August 31, 2015. *Id.* Liu appealed to the Merit Systems Protection Board (MSPB), which affirmed Liu's termination. ECF 1-3 at 2; ECF 3 at 9-10.

Liu filed his first lawsuit challenging his termination. Appearing pro se, Liu sued Bushnell, Shurtleff, and NCCIH Executive Officer Wendy Liffers, who Liu also claims was responsible for his termination, in the District of Maryland. *Liu I* ECF 1 at 1. The district court construed Liu's complaint as alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634, as well as perjury violations. *Liu I*, 2018 WL 3093974, at *6. Days after he filed suit, Liu wrote a letter to the U.S. Attorney General, claiming that Bushnell and an NIH attorney had committed perjury by attesting to the MSPB that Bushnell and Liu had met on May 8, 2015. *Liu I* ECF 20 at 1; *Liu I* ECF 20-1 at 1. Liu then moved the district court to recuse Assistant U.S. Attorney Evelyn Cusson, who represented Bushnell, Shurtleff, and Liffers in the lawsuit. *Liu I* ECF 20 at 1. Liu

asserted that Cusson was involved in investigating his DOJ perjury complaint and thus had a conflict. *Id.* at 2. Cusson disavowed any involvement in the investigation. *Liu I* ECF 25 at 1.

In *Liu I*, the district court granted summary judgment to the defendants on Liu's Title VII, ADEA, and perjury claims. *Liu I*, 2018 WL 3093974, at *13. Finding that Cusson's involvement in the DOJ investigation was "pure speculation," the district court also denied Liu's motion to recuse. *Id.* at *6. The Fourth Circuit affirmed. *Liu v. Azar*, 742 F. App'x 748, 748 (4th Cir. 2018).

Undeterred, Liu filed his second lawsuit. This time, he sued Bushnell, Shurtleff, and Cusson in the Circuit Court for Montgomery County, Maryland. *Liu II* ECF 1-6 at 1. First, Liu alleged that Bushnell violated Liu's due-process rights and committed "fraud in a federal document." *Id.* Liu claimed that Bushnell had falsely written in her July 30, 2015, memorandum that she had notified him on May 8, 2015, that he had been performing unacceptably. To Liu, this was a "lie" because Bushnell never notified Liu that his performance was lacking before putting him on the performance-improvement plan. *Id.* at 2. Liu also complained that an NIH attorney presented this purportedly false memorandum to the MSPB. *Id.* Second, Liu accused Shurtleff of "cop[ying]" Bushnell's "lie" in his August 31, 2015, removal decision. *Id.* Third, Liu accused Cusson of violating his rights and presenting this false information before the court. *Id.* at 5. Liu insisted that Cusson was involved in a DOJ investigation into his perjury complaint to the agency. *Id.* To Liu, Cusson's representing to the district court that she was uninvolved in such an investigation violated his rights. *Id.* at 6.

The case was removed to the District of Maryland. *Liu II* ECF 1. In *Liu II*, the district court determined that the issues that Liu raised were already litigated in, resolved in, and necessary to the outcome of *Liu I*. Citing issue preclusion, the *Liu II* court dismissed Liu's second suit. *Liu II*,

3

2020 WL 42756, at *4-5. Again, the Fourth Circuit affirmed. *Liu v. Bushnell*, 802 F. App'x 789, 789 (4th Cir. 2020).

Liu then filed his third and fourth lawsuits. Appearing pro se, Liu filed two lawsuits in the Court of Federal Claims against the United States for due-process, equal-protection, and Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, violations. *Liu III* ECF 1 at 1; *Liu IV* ECF 1 at 1. The Court of Federal Claims dismissed both suits for lack of subject-matter jurisdiction. *Liu III*, 2021 WL 451003, at *2; *Liu IV* ECF 7 at 1.

Liu brought a fifth lawsuit—the case before this Court. Liu now sues the Secretary of HHS, the Director of the MSPB, and the U.S. Attorney General in this jurisdiction. ECF 1. The Complaint is difficult to follow, but the Court has endeavored to summarize Liu's allegations. The Complaint refers in passing to the "5th and 14th Amendments"; "14th Amendment of the US Constitution, Section 1, last sentence" (which includes the due-process and equal-protection clauses); "right to know, covered by the 9th Amendment"; and "federal tort claim act." *Id.* at 1-2. The Complaint otherwise consists of Liu's articulation of three "lies." *Id.* at 2. First, Liu alleges that Bushnell "lied" by representing to the *Liu I* court that she had met with Liu on May 8, 2015, and that she had told Liu that he was performing poorly at that meeting. Liu insists that this meeting never happened. *Id.* at 2-4. Second, Liu alleges that DOJ and HHS lawyers "lied" by attesting to the *Liu I* court that Cusson was not involved in DOJ's investigation into Liu's perjury complaint. Liu claims that Cusson conducted that investigation. *Id.* at 4-5. Third, Liu asserts that a DOJ lawyer "lied" by representing to the *Liu I* court that the Department investigated Liu's perjury claim. Liu claims that no investigation occurred. *Id.* at 5-6. Liu attached to his Complaint sundry filings associated with his numerous administrative proceedings and lawsuits in which he protested his termination from the NCCIH. ECF 1; ECF 3.

Defendants moved to dismiss, invoking Federal Rule of Civil Procedure 12(b)(6). ECF 19. After Defendants' Motion to Dismiss was fully briefed, ECF 22; ECF 26, Liu sought leave to file an amended complaint and moved for a "pre-motion conference" to submit a summary-judgment motion. ECF 29 at 1. The Court now resolves these pending motions.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pro se complaint—"however inartfully pleaded"—is "held to less stringent standards than formal pleadings drafted by lawyers" are and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, a pro se complaint—like the one before this Court—must still "plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79)).

"In determining whether a complaint fails to state a claim, [courts] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [courts] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Courts may take judicial notice of facts of public record, including other courts' proceedings and records. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005). Doing so does not convert a motion to dismiss to one for summary judgment. *See Vance v. Chao*, 496 F. Supp. 2d 182, 184 n.1 (D.D.C. 2007).

**III.   ANALYSIS**

Liu fashions this lawsuit as a challenge to the three "lies" that Bushnell and various Government lawyers allegedly relayed to the *Liu I* court about the circumstances surrounding his firing from the NCCIH. But Liu's "lies" framework is a transparent attempt to once again aggrieve his termination before yet another federal court. ECF 1 at 9 ("I request $100000 *for removing my position* without due process . . . ." (emphasis added)); ECF 3 at 1-11 (attaching to Complaint memoranda by Bushnell and Shurtleff and excerpts from the MSPB initial decision related to Liu's termination). That will not do. This Court will not disturb the Liu I court's factual findings; nor will this Court usurp the *Liu II* court's holding that issue preclusion bars Liu from bringing a civil action based on Bushnell's allegedly "lying" about the May 8, 2015, meeting or based on any purported misrepresentations about Cusson's participation in any DOJ investigation. Liu cannot swap jurisdictions simply because the Maryland courts have definitively ruled against him. Liu's Complaint, moreover, fails to state any claim upon which relief may be granted. Because no amount of summary-judgment briefing can alter the preclusive effects of *Liu I* and *Liu II*, Liu's request for a hearing to decide whether such briefing is warranted is denied. Finally, because Liu's proposed amended complaint fixes just one inconsequential typo, the Court denies him leave to file this document. This Court thus grants Defendants' Motion to Dismiss, denies Liu's Motion for a Hearing, and denies Liu leave to file an amended complaint.

**A. Defendants' Motion to Dismiss**

*1. Claims Against the Director of the Merit Systems Protection Board*

The Court disposes of Liu's claims against the Director of the MSPB. Liu names the Director as a defendant, but his Complaint supplies no factual allegations about the Director. The Complaint and its attachments make clear that Liu has sued the Director because he is aggrieved

that the MSPB found that Bushnell notified him of his poor performance on May 8, 2015, in rejecting his administrative complaint. ECF 3 at 10. But Liu cannot sue for damages because he is unhappy with the findings and determinations of MSPB administrative judges. *See Butz v. Economou*, 438 U.S. 478, 514 (1978) (concluding that persons performing adjudicatory functions in federal administrative agencies are absolutely immune from damages liability for their judicial acts). Liu's claims against the Director of the MSPB are thus dismissed.

*2. Issue Preclusion*

Defendants assert that issue preclusion bars Liu's suit. ECF 19-1 at 7-9. This Court agrees.

Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The doctrine "protect[s] the parties from the burden of relitigating the same issue following a final judgment and to promote judicial economy by preventing needless litigation." *Consol. Edison Co. of N.Y. v. Bodman*, 449 F.3d 1254, 1258 (D.C. Cir. 2006). Issue preclusion applies not only to the parties in the first litigation but also to those in privity with those parties. *Jefferson Sch. of Soc. Sci. v. Subversive Activities Control Bd.*, 331 F.2d 76, 82-83 (D.C. Cir. 1963).[2]

Issue preclusion kicks in when (1) the issue being raised was contested by the parties and submitted for judicial determination in a prior case; (2) the issue was actually and necessarily determined by a court of competent jurisdiction in that prior case; and (3) preclusion in the second

---

[2] Liu was a party in *Liu I* and *Liu II*. Defendants here are in privity with Bushnell, Shurtleff, and Cusson (the defendants in *Liu I* and *Liu II*) because aforementioned defendants include Government officers in the same agencies. *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.").

7

case does not work a basic unfairness to the party bound by the first determination. *See Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295, 301 (D.C. Cir. 2015).[3]

This case is simple: for the reasons stated by the *Liu II* court, issue preclusion forecloses this lawsuit. Here, Liu complains that three "lies" were told to the *Liu I* court: (1) Bushnell "lied" by attesting that she had met with Liu on May 8, 2015; (2) DOJ and HHS lawyers "lied" by representing that Cusson was uninvolved in the perjury investigation; and (3) a DOJ lawyer "lied" by representing that the agency had investigated Liu's perjury claim. These "lies" are issues of fact that were previously presented to, litigated in, and adjudicated by the *Liu I* court. This Court—as in *Liu II*—cannot rehash these factual issues.

To drill down, take each of the issue-preclusion test's three prongs in turn. Prong one is easily satisfied because Liu raised and contested the May 8, 2015, meeting and Cusson's involvement in the perjury investigation in *Liu I* and *Liu II*. In *Liu I*, Liu asserted a perjury claim against Bushnell in his complaint and his motion to recuse; he also asserted a perjury claim against Cusson in his motion to recuse. *Liu I*, 2018 WL 3093974, at *6, 13.[4] Liu reasserted these claims

---

[3] Here, Defendants properly invoke issue preclusion in their Rule 12(b)(6) motion because "the facts that give rise to the defense are clear from the face of the complaint." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). Liu's complaint repeatedly supplies the case numbers of *Liu I*, *Liu II*, *Liu III*, and *Liu IV* and recaps the proceedings in those cases. ECF 1 at 2-8. Attached to the Complaint are judgments and orders issued in his two cases before the Court of Federal Claims. ECF 1-3 at 5-6. Clearly, "the facts supporting [D]efendants' dispositive motion were apparent to [Liu] from the inception of [his] lawsuit." *Smith-Haynie*, 155 F.3d at 578. Put simply: the preclusive effects of prior decisions are clear from the face of the Complaint, and Liu had plenty of notice to dispute issue preclusion. And, again, this Court may judicially notice other courts' decisions and records. So this Court may consider issue preclusion here.

[4] "Dr. Liu has filed a Motion for Recusal in which he asks the Court to order that Counsel for Defendants, Assistant United States Attorney Evelyn Cusson, recuse herself from this case, arguing that she has a conflict of interest because (1) she investigated, then rejected, his requests that criminal perjury charges be brought against Dr. Bushnell and Susan Andorfer, the NIH attorney in the MSPB proceedings; and (2) she has an inherent conflict of interest because she is employed by the Department of Justice. . . . Dr. Liu asserts a claim of perjury against Dr. Bushnell and Liffers based, it appears, on their assertions that Dr. Bushnell informally met with Dr. Liu on May 8, 2015 to give him his performance appraisal." *Liu I*, 2018 WL 3093974, at *6, 13.

in *Liu II*. *Liu II*, 2020 WL 42756, at *4-5.[5] Notably, he used the same "lie" and "perjury" language in his *Liu I* and *Liu II* filings as he does here. *Compare Liu I* ECF 1 at 4-5, 8, 10; *Liu I* ECF 20 at 1-2, *and Liu II* ECF 1-6 at 3-6, *with* ECF 1 at 1, 3.

As for prong two, the pertinence of the three "lies" was actually and necessarily determined in *Liu I*. The *Liu I* court addressed Liu's claims about the first "lie" (Bushnell's representations about the May 8, 2015, meeting) at least three times during that proceeding. First, in construing the defendants' motion as one for summary judgment, the *Liu I* court found that "Liu has known of [Bushnell's] assertion [that the May 8, 2015, meeting occurred] since at least July 2015, because it is included in Dr. Bushnell's proposed removal letter," and that "Liu has already had an opportunity to cross-examine Dr. Bushnell about any meeting on May 8, 2015 as part of the MSPB hearing." *Liu I*, 2018 WL 3093974, at *7. Second, the *Liu I* court referred to Bushnell's alleged duplicity about the May 8, 2015, meeting in finding that Liu failed to cite a statute providing a private right of action for a civil claim of perjury. *See id.* at *13. Third, the *Liu I* court acknowledged Liu's and Bushnell's conflicting positions about the May 8, 2015, meeting but nonetheless found that Bushnell's placing Liu on a performance-improvement plan was not based on an impermissibly discriminatory motive. *Id.* at *3, 10-11. Addressing the first "lie" was thus necessary to the final judgment in *Liu I*. Likewise for the second and third lies. The *Liu I* court found that "Liu's pure speculation that Cusson was involved in the investigation into his allegations of perjury is an insufficient basis to demand Cusson's recusal." *Liu I*, 2018 WL 3093974, at *6. So, finding that the DOJ investigated Liu's perjury complaint and that Cusson's

---

[5] "[Liu's] claims must be dismissed because the relevant issues have already been litigated in [*Liu I*]. . . . The core of [Liu's] claims against Drs. Bushnell and Shurtleff is that [Liu] was not notified that his job performance was unacceptable prior to placing him on a PIP and that Drs. Bushnell and Shurtleff lied when they stated and affirmed, respectively, that [Liu] was notified of his deficient performance on May 8, 2015. . . . The core issue in [Liu's] claims against AUSA Cusson is that she allegedly investigated [Liu's] criminal complaint of perjury to the Department of Justice and decided not to pursue action, while also representing Dr. Bushnell and the other defendants in [*Liu I*]." *Liu II*, 2020 WL 42756, at *5.

involvement in the perjury investigation was "pure speculation" was necessary to the *Liu I* court's refusal to recuse Cusson.

The relevance of the three "lies," moreover, was actually and necessarily determined by the *Liu II* court. That court held that Liu was "foreclosed" from bringing his claim that "Bushnell and Shurtleff lied when they stated and affirmed, respectively, that [Liu] was notified of his deficient performance on May 8, 2015," because the issue was already decided in *Liu I*. *Liu II*, 2020 WL 42756, at *4. The *Liu II* court similarly found that Liu was "foreclosed" from bringing his claim "that [Cusson] allegedly investigated [Liu's] criminal complaint of perjury to the Department of Justice and decided not to pursue action, while also representing Dr. Bushnell and the other defendants in [*Liu I*]." *Id.* at *5. This Court will not disturb the actual and necessary determinations of the *Liu I* and *Liu II* courts. The second issue-preclusion prong conclusively favors Defendants.

The third prong—fairness—weighs heavily against Liu. Liu has attempted to challenge the circumstances of his termination (and the "lies" that he claims were told in connection with it) in at least four lawsuits—two of which were affirmed by a court of appeals—and in a litany of administrative complaints. Denying Liu yet another chance to protest his removal from the NCCIH and the subsequent fallout causes no unfairness.

That Liu cites different causes of action throughout these suits does not rescue him from issue preclusion. On top of Liu's due-process claim (which he had previously raised in *Liu II*), Liu also alludes to equal-protection, Ninth Amendment, and FTCA violations. These claims were not raised in *Liu I* and *Liu II*—but that does not matter. Again, "issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, *even if the issue recurs in the context of a different claim*." *Taylor*,

10

553 U.S. at 892 (emphasis added). As explained above, Liu already contested whether the May 8, 2015, meeting occurred and Cusson's involvement in the perjury investigation before he filed this suit in the District of Columbia. Bare minimum, Liu had a "full and fair opportunity to litigate" the merits of his claims in *Liu I*. *Montana v. United States*, 440 U.S. 147, 153 (1979).

To sum up, consideration of the three "lies" alleged by Liu here was necessary to the outcome of *Liu I*. Like in *Liu II*, this Court is precluded from adjudicating these issues again.

*3. Failure to State a Claim*

Having held that issue preclusion bars this suit, this Court would normally stop here. But Liu is pro se. To explain comprehensively why Liu's case cannot proceed, this Court alternatively holds that Liu has failed to state any claim upon which relief can be granted.

The Court is sensitive to the barriers that pro se plaintiffs face. But Liu's Complaint is far too sparse to support any claim. Even taking the three "lies" as true, Liu has not pleaded facts that sustain the elements of a claim under the due-process and equal-protection clauses, the Ninth Amendment, the FTCA, or any other cognizable cause of action. This alone is grounds to dismiss Liu's suit. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (quoting *Twombly*, 550 U.S. at 555, 557)).

Liu has failed to allege violations of the due-process and equal-protection clauses. Regarding due process, Liu claims only that Bushnell "lied" about notifying him of her performance assessment on May 8, 2015, before she put him on a performance-improvement plan. Even taking as true that the May 8, 2015, meeting never happened, Liu does not allege that he was denied oral or written notice of the NCCIH's charges against him, an explanation of those charges,

11

or an opportunity to present his side of the story before he was terminated. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Indeed, Liu's own attachments to his Complaint—the memoranda by Bushnell and Shurtleff—suggest that these due-process requirements were satisfied. ECF 3 at 2-3, 7-8. Liu has thus failed to state a due-process violation. As for equal protection, the Complaint fails to state any facts that Defendants treated Liu differently than they treated any other person or class of persons. So this Court cannot infer any equal-protection violation from Liu's allegations.

Nor does Liu state a claim under the Ninth Amendment, which provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Although the Ninth Amendment has been construed as protecting certain unenumerated constitutional rights, no other court has recognized that the amendment espouses any right that could be violated by these purported "lies."

Liu, finally, cannot maintain an FTCA claim here. Actionable FTCA claims must be

> *against the United States*, for money damages, . . . *for injury or loss of property*, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphases added); *see also Brownback v. King*, — U.S. —, 141 S. Ct. 740, 746 (2021) (explaining elements of FTCA claims). Here, the Complaint improperly names three agency heads instead of the United States. *See* 28 U.S.C. § 2679(a), (b)(1). This alone is grounds for dismissing any FTCA claim. *See Johnson v. Veterans Affs. Med. Ctr.*, 133 F. Supp. 3d 10, 17 (D.D.C. 2015) ("Failure to name the United States as the defendant in an FTCA action requires dismissal for lack of subject-matter jurisdiction.").

Liu's FTCA claim is felled by legion other hurdles. Liu has not alleged any injury to himself or his property. And, as Defendants point out, ECF 19-1 at 6, 18, this Court is not the proper venue for an FTCA claim because Liu lives in Rockville, Maryland, and the events underlying his allegations occurred entirely in Maryland. *See* 28 U.S.C. § 1402(b) ("Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."). The FTCA is also improperly invoked here because the Civil Service Reform Act of 1978 (CSRA), Pub. L. No. 95-454, 92 Stat. 1111 (codified in scattered sections of 5 U.S.C.), "provide[s] the exclusive remedy for wrongful discharge from government employ." *Gergick v. Austin*, 997 F.2d 1237, 1239 (8th Cir. 1993).

In short, even if this Court could overlook issue preclusion and entertain Liu's constitutional and FTCA claims (which it cannot), Liu has failed to state a claim upon which relief can be granted.

\* \* \*

Four years ago, the District Court for the District of Maryland addressed Liu's termination from the NCCIH. In granting summary judgment to the defendants in that case, the *Liu I* court addressed the dispute over whether Bushnell and Liu met on May 8, 2015, and Cusson's involvement in the DOJ's perjury investigation. Liu tried to relitigate these issues in that district court, which, in *Liu II*, refused to engage with Liu's claims because of *Liu I*'s preclusive effects. So too here. Issue preclusion bars this Court from readjudicating Liu's claims surrounding his termination. And Liu has failed to state a claim upon which relief can be granted in any event. This Court thus grants Defendants' Motion to Dismiss.

### B. Other Motions

After Defendants' Motion to Dismiss was fully briefed, Liu moved for a hearing to submit summary-judgment briefing, ECF 29, and sought leave to file an amended complaint. No discovery, no summary-judgment briefing, and no edits to pleadings can alter *Liu I*'s and *Liu II*'s preclusive effects. And given that the Complaint cannot survive the motion-to-dismiss standard, Liu is certainly not entitled to summary judgment. Liu's proposed amended complaint, moreover, corrects just one inconsequential typo in the Complaint's case caption. ECF 30 at 1. Although leave to amend the pleadings is freely given before trial, *see* Fed. R. Civ. P. 15(a)(2), the Court can deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss. *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Liu's Motion and request for leave to file are denied.

### IV. CONCLUSION

This Court **GRANTS** Defendants' Motion to Dismiss, ECF 19; **DENIES** Liu's Motion for a Hearing, ECF 29; and **DENIES** leave to file an amended complaint, ECF 30.

**SO ORDERED**.

DATE: May 4, 2022

_____
Jia M. Cobb
U.S. District Court Judge